IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIO DEMOND SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-123-ECM-CWB |
| CAMELIA CARGLE, | ) ) ) |
| Defendant. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at Staton Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1) and simultaneously filed an application seeking leave to proceed *in forma pauperis* (Doc. 2). By Order entered April 17, 2023, the court granted *in forma pauperis* status and directed Plaintiff to remit the sum of $14.84 as an initial partial filing fee no later than May 8, 2023. (Doc. 10 at pp. 1-2). The Order cautioned Plaintiff that a failure to remit the fee amount would result in a recommendation that the case be dismissed and that he must request an extension of time in the event he was unable to remit the fee by the deadline. (*Id*. at pp. 2-3).

Despite the court's instructions, Plaintiff has neither remitted the initial partial filing fee nor sought an extension of time for doing so. The Magistrate Judge construes such failures as reflecting a lack of interest in the continued prosecution of the case, which cannot proceed absent Plaintiff's active participation. Under the circumstances presented where Plaintiff has exhibited a willful non-compliance with the court's Order, the Magistrate Judge finds that lesser sanctions than dismissal would not be appropriate. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where the litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)

1

(acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than June 5, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 22nd day of May 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**